FILED

**NOT FOR PUBLICATION**

DEC 23 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD STUART GILLESPIE, AKA
Donald Gillespie,

Defendant - Appellant.

No. 10-50363

D.C. No. 5:08-cr-00218-VAP-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted December 7, 2011
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and CONLON, District Judge.[**]

Donald S. Gillespie ("Gillespie") pled guilty to a single count of knowingly

possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He was

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Suzanne B. Conlon, District Judge for the United
States District Court for Northern Illinois, sitting by designation.

sentenced to a 120-month term of imprisonment. Gillespie appeals, arguing that the district court committed procedural errors and imposed a substantively unreasonable sentence. We affirm.

Gillespie contends that the district court failed to remain mindful of the Sentencing Guidelines range and provided an inadequate justification for the upward variance of his sentence. The district court calculated the applicable Sentencing Guidelines range, heard extensive argument from the parties, and analyzed the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). The record therefore reflects that the district court remained cognizant of the Sentencing Guidelines throughout the sentencing proceeding. *Gall*, 552 U.S. at 50 n.6; *Carty*, 520 F.3d at 991. In considering the § 3553(a) factors, the district court also sufficiently explained the basis for the variance between the Sentencing Guidelines range and the imposed sentence. *Gall*, 552 U.S. at 51; *Carty*, 520 F.3d at 992. Thus, there was no error.

Gillespie next argues that the district court erroneously applied enhancements for an offense involving more than 600 images and an offense

involving images depicting sadistic or masochistic conduct.[1]  The government

demonstrated "a sufficient connection between the defendant and the contraband to

support the inference that the defendant exercised dominion and control over [it]."

*United States v. Romm*, 455 F.3d 990, 999 (9th Cir. 2006) (internal quotation

marks omitted) (alteration in original).  Gillespie admitted that most of the

pornography in his possession qualified as child pornography.  He also disclosed

that he usually obtained and traded child pornography over the internet.  Gillespie

acknowledged that he viewed pornography, including child pornography, every

day, and three to four times per week in the months preceding the search.  He also

admitted that he saved child pornography on compact discs ("CDs"), which he

produced himself by downloading images containing child pornography from the

internet and burning them onto CDs.  Gillespie did not dispute that there were

1,202 images and eight videos on his computer and peripheral storage devices,

such as CDs.  He likewise did not dispute that the child pornography images were

stored on six CDs.  The United States Probation Office described the contents of

the video files and image files, some of which depicted anal penetration of

---

[1]      The government did not breach the Plea Agreement by arguing only
that the district court did not err in applying the enhancement for an offense
involving images depicting sadistic or masochistic conduct.  *See United States v.
Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011).

3

children. Gillespie's admissions coupled with the evidence supported the inference that he possessed more than 600 child pornographic images, some of which depicted sadistic or masochistic conduct. *See United States v. Rearden*, 349 F.3d 608, 614-15 (9th Cir. 2003).

Gillespie also contends that the district court failed to consider adequately his post-offense rehabilitation and exaggerated the risk he posed to society. The district court retained significant discretion in weighing the § 3553(a) factors, and there is no evidence the district court erred in that analysis. The district court acknowledged Gillespie's age and the relevant post-offense evidence, including Gillespie's educational achievements, his own sobriety, and his operation of a sober living facility. The district court, however, also enumerated numerous aggravating factors, including Gillespie's past molestation of his daughters, the age of the victims, the number and nature of the images depicting child pornography, and his lack of remorse or responsibility for the offense. The district court's consideration of the impending birth of Gillespie's granddaughter was not improper, particularly in light of Gillespie's past molestation of his own young daughters. Because the district court analyzed all of the § 3553(a) factors and provided an adequate explanation for the variance, the sentence imposed by the

4

district court was not substantively unreasonable. *Gall*, 552 U.S. at 51; *Carty*, 520 F.3d at 992.

Gillespie next argues that the district court erred in denying his request to offer the testimony of one of his daughters at the sentencing hearing. She was not a victim of the offense for which Gillespie was convicted and there was no dispute that he had molested his daughters. Moreover, Gillespie's friends and family had the opportunity to provide letters on his behalf to the district court, which the district court considered prior to imposing the sentence. Under these circumstances, the district court reasonably concluded that Gillespie's daughter's testimony was not relevant to the sentencing determination.

**AFFIRMED.**