NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10383 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03010-DCB |
| v. | |
| MEGAN STEVENSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roger T. Benitez, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Megan Stevenson appeals from the 27-month custodial sentence and 60-month supervised release term imposed following her guilty-plea conviction for conspiracy to possess with intent to distribute approximately 60 kilograms of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C), and possession with intent to distribute approximately 60 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Stevenson contends that the district court procedurally erred by imposing a 60-month supervised release term without explaining the reasons for the upward variance. The district court did not plainly err. *See U.S. v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ( "[A]dequate explanation in some cases may . . . be inferred from the PSR or the record as a whole.").

Stevenson also contends that the district court erred by denying her a minimal role adjustment under U.S.S.G. § 3B1.2. The district court did not err by comparing her to the hypothetical average courier to determine if any mitigating role adjustment was warranted, nor did it err by denying a minimal role adjustment. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011)*; see also United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006).

The record does not support Stevenson's remaining contentions of procedural error.

Stevenson finally contends that her sentence is substantively unreasonable because the many mitigating factors in her case warranted a below-Guidelines

11-10383

sentence. The sentence imposed, including the 60-month term of supervised release, is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**