**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50218 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01137-DSF |
| v. | |
| LUIS ONTIVEROS-DELVAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Luis Ontiveros-Delval appeals from the 120-month sentence and 15-year term of supervised release imposed following his guilty-plea conviction for conspiracy to distribute cocaine and methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ontiveros-Delval contends that the district court erred in denying a minor role adjustment under U.S.S.G. § 3B1.2(b).  The record supports the conclusion that Ontiveros-Delval was not "substantially less culpable than the average participant" in the conspiracy; thus, the district court did not err in denying a role adjustment.  *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

Ontiveros-Delval also contends that the district court relied at sentencing on clearly erroneous facts both in denying the role adjustment and in selecting a sentence under 18 U.S.C. § 3553(a).  The record belies this contention.

Ontiveros-Delval next challenges the sufficiency of the court's explanation of the 120-month sentence and 15-year supervised release term and its consideration of the section 3553(a) sentencing factors.  The record reflects that the court adequately considered the parties' submissions and the statutory sentencing factors, and its explanation of the sentence was sufficient.  *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Ontiveros-Delval also argues that his 120-month prison sentence and 15-year term of supervised release are substantively unreasonable, largely because they are greater than the terms given to his co-defendants and exceed the recommendation of the probation officer and, in the case of the supervised release

term, of the government. The 120-month sentence, 15 months below the low end of the advisory Sentencing Guidelines range, is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court also did not abuse its discretion by imposing a 15-year term of supervised release. *See United States v. Apodaca*, 641 F.3d 1077, 1079 (9th Cir. 2011).

We grant Ontiveros-Delval's motion to strike and deny the government's request for judicial notice.

**AFFIRMED.**