FILED

FEB 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 11-10055 |
| v. | DC No. 4:10 cr-1688-CKJ |
| | D. Ariz. |
| GERARDO SERNA-GONZALEZ, | |
| Defendant - Appellant. | **O R D E R** |

Before:    NOONAN, TASHIMA and GRABER, Circuit Judges

The Memorandum filed January 25, 2013, is withdrawn and the corrected

Memorandum, to be filed concurrently with this order, is substituted in its place.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10055 |
| Plaintiff - Appellee, | DC No. 4:10-cr 1688 CKJ |
| v. | |
| GERARDO SERNA-GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Linda R. Reade[**], District Judge, Presiding

Submitted January 14, 2013[***]
San Francisco, California

Before:    NOONAN, TASHIMA, and GRABER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa, sitting by designation.

[***]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Gerardo Serna-Gonzalez ("Serna") pled guilty to four counts covering his transport of methamphetamine and cocaine into the United States. He now appeals his 188-month sentence on four grounds, none of which warrants relief.

**1.** The district court did not clearly err by denying the request for a minor role adjustment under U.S.S.G. § 3B1.2(b).[1] Serna argues that he was a mere courier whose involvement was limited to transporting drugs across the United States-Mexico border. But we have repeatedly recognized that a defendant "may be a courier without being either a minimal or a minor participant." *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011) (internal quotation marks omitted), *cert. denied*, 132 S. Ct. 1061 (2012). Moreover, the district court properly relied on the purity and quantity of drugs to infer that Serna likely did not play a minor role. *See* U.S.S.G. § 2D1.1, cmt. 9 ("[T]he fact that a defendant is in possession of unusually pure narcotics may indicate a prominent role in the criminal enterprise and proximity to the source of the drugs."); *Rodriguez-Castro*, 641 F.3d at 1193 ("The court was justifiably skeptical that this amount of drugs [i.e., 33.46 kilograms of cocaine] would be entrusted to a minor player."). Finally, there was nothing improper about the court's decision to credit

---

[1] All Guidelines' citations are to the 2010 United States Sentencing Guidelines, which were in effect at the time Serna was sentenced, on February 2, 2011. *See* U.S.S.G. § 1B1.11.

Serna's admission to the ICE officers at the time of his arrest, rather than the differing account he provided to the Probation Officer. *United States v. Awad*, 371 F.3d 583, 591 (9th Cir. 2004).

2. The district court's fact-finding was not plainly erroneous. All of the court's findings were consistent with the evidence presented, and the court was not required to find facts by clear and convincing evidence. *See United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008) ("A district court generally uses a preponderance of the evidence standard of proof when finding facts at sentencing."). The "clear and convincing" standard is required only if the disputed sentencing factor has an "extremely disproportionate effect on the sentence," which is not the case here. *United States v. Riley*, 335 F.3d 919, 927 (9th Cir. 2003) ("Because the contested enhancements . . . did not increase Riley's offense level by more than four or more than double his sentencing range, they did not have an extremely disproportionate effect on the sentence relative to the offense of conviction.").

3. The district court did not plainly err in declining to award, *sua sponte*, an additional one-level reduction under U.S.S.G. § 3E1.1(b) for acceptance of responsibility. "A district court may review the government's refusal to file a § 3E1.1(b) motion and grant the additional one-level reduction *sua sponte* if it

finds that the decision was (1) animated by an unconstitutional motive (e.g., racial discrimination), or (2) arbitrary – i.e., not rationally related to a legitimate governmental interest." *United States v. Johnson*, 581 F.3d 994, 1001 (9th Cir. 2009). Here, the government declined to move for a reduction under § 3E1.1(b) because Serna had not waived his right to appeal. That reasoning was permissible because "[a]voiding the expenditure of additional resources in anticipation of and defending against an appeal is a legitimate governmental interest." *Johnson*, 581 F.3d at 1003.

**4.** A sentence is substantively reasonable unless, "upon reviewing the record, we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009).[2] Although Serna contends that the methamphetamine guidelines are unduly harsh as applied to his conduct, his primary arguments center on cases, unlike this one,

---

[2] "[W]here a party challenges the substantive reasonableness of a sentence on appeal, we must review [the] sentencing decision[ ] for procedural error, even where no claim of procedural error is raised." *United States v. Evans-Martinez*, 611 F.3d 635, 639 (9th Cir. 2010) (internal quotation marks omitted) (alterations in original). Here, the sentence was procedurally proper because, among other things, the district court properly calculated the guidelines, recognized that they are advisory, sufficiently considered the 18 U.S.C. § 3553(a) factors, and adequately explained the sentence selected. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

involving diluted methamphetamine.  He also contends that his alleged ignorance of the type and purity of drugs warranted a reduced sentence.  But the purity of the methamphetamine, coupled with Serna's admission that he had smuggled drugs on prior occasions, provided a plausible basis for disbelieving – or at least discounting – Serna's claimed ignorance.  Finally, nothing else in the record compels a finding that the sentence was substantively unreasonable.

**AFFIRMED.**