**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50085 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02198-BTM-1 |
| v. | |
| GEORGE RUFUS MAPP, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted February 12, 2013
Pasadena, California

Before: GOODWIN, KLEINFELD, and SILVERMAN, Circuit Judges.

George Rufus Mapp argues that there was insufficient evidence to convict

him of three counts of bringing aliens to the United States for financial gain in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and three counts of bringing illegal aliens to the United States without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) (the "brings to" offenses). We conclude that the evidence was sufficient.

The test for sufficiency of evidence is the <u>Jackson</u> standard, whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Conflicting evidence is to be resolved in favor of the jury verdict, and all reasonable inferences are to be drawn in favor of the government." <u>United States v. Corona-Verbera</u>, 509 F.3d 1105, 1117 (9th Cir. 2007) (quotation marks and citations omitted). Taken in the light most favorable to the prosecution, the evidence shows that Mapp actively participated in a scheme to bring aliens to the United States for financial gain and without presentation, and that his participation was not limited to prospective transporting of aliens within the United States.

First, Mapp bought a prepaid cell phone several days before his arrest, and the jury could infer that he bought it for the specific purpose of aiding in the alien

2

smuggling scheme.  Second, before and during the day of Mapp's arrest, there were repeated calls between his cell phones and a Los Angeles number, immediately followed or preceded by calls between the Los Angeles number and a number in Tecate, Mexico.  Third, the jury could conclude that Mapp rented a car before the aliens were smuggled into the United States and drove it from Los Angeles down to the border area for purposes of the scheme.  Fourth, several days before his arrest, Mapp drove repeatedly around the border town of Jacumba, California, from which the jury could infer that he was making himself available for planned pickups or scouting the area.  The jury could have believed Mapp's testimony that on the day of his arrest he pulled his rental car over to relieve himself, got back into his car, and was unable to drive away because "aliens attacked [his] car" just as a Sheriff pulled up.   However, the jury could also have disbelieved that account, and believed that Mapp purposefully participated in a scheme to smuggle aliens into the United States.

Mapp's argument based on United States v. Lopez fails, because Lopez does not address Pinkerton liability.  United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007) (en banc).  United States v. Hernandez-Orellana subsequently held that a co-conspirator may be liable for conspiracy to commit a "brings to" offense, even

3

though he himself committed no overt act of smuggling the aliens across the border. United States v. Hernandez-Orellana, 539 F.3d 994, 1006–08 (9th Cir. 2008). Here, there is sufficient evidence to find that, before the aliens in this case were dropped off in the United States, Mapp had joined in a conspiracy to bring them to the United States and transport them within the United States. There was therefore sufficient evidence to convict Mapp of the "brings to" offenses under a Pinkerton theory of liability. See Pinkerton v. United States, 328 U.S. 640, 647–48 (1946); United States v. Chong, 419 F.3d 1076, 1081 (9th Cir. 2005).

United States v. Williams holds that when prosecutors rely on two legally valid theories of guilt and "'a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . , the verdict stands if the evidence is sufficient with respect to any one of the acts charged.'" United States v. Williams, 441 F.3d 716, 724 (9th Cir. 2006) (quoting Griffin v. United States, 502 U.S. 46, 56–57 (1991)). Because there was sufficient evidence to convict Mapp of the "brings to" offenses under Pinkerton, his conviction stands regardless of whether there was also sufficient evidence to convict him of aiding and abetting the "brings to" offenses.

4

Mapp's argument that the district court abused its discretion by denying him a minor role adjustment under U.S.S.G. § 3B1.2(b) fails because Mapp did not meet his burden of proof to show that he was in fact a minor participant. See United States v. Rodriguez–Castro, 641 F.3d 1189, 1193 (9th Cir. 2011). The district court found that Mapp's testimony was not credible, and that Mapp could therefore not show that he was a minor participant. These findings of fact were not clearly erroneous, and the district court's refusal to apply a minor role adjustment was not an abuse of discretion. See United States v. Rosas, 615 F.3d 1058, 1066, 1069 (9th Cir. 2010).

**AFFIRMED.**