**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50073 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00101-BEN-1 |
| v. | |
| JOSE RAFAEL ORTIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted April 11, 2013
Pasadena, California

Before: BERZON, TALLMAN, and M. SMITH, Circuit Judges.

Jose Rafeal Ortiz appeals both his conviction and sentence for attempted

reentry after deportation.  8 U.S.C. § 1326.  Ortiz contends that the evidence used

to convict him was obtained in violation of the Fourth Amendment, and therefore

should have been suppressed.  Ortiz also claims that he was improperly denied a

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

downward sentencing adjustment and that the district court's chosen sentence was substantively unreasonable. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

Ortiz claims he was stopped and questioned by a Border Patrol agent without reasonable suspicion. The Supreme Court has articulated a number of factors that may be considered when deciding whether there is reasonable suspicion to stop an individual near the border. *United States v. Brignoni-Ponce*, 422 U.S. 873, 884–85 (1975). For instance, officers may consider "the characteristics of the area," including: (1) "[i]ts proximity to the border"; (2) the "previous experience with alien traffic" in the area; and (3) "information about recent illegal border crossings in the area." *Id.*

Here, all of the factors listed above, combined with additional specific observations by the Border Patrol agent, indicate that the agent had reasonable suspicion to stop Ortiz. Ortiz was apprehended thirty yards from the border, in an area known for alien-smuggling activity, only two to three minutes after a Border Patrol agent, who had made forty to fifty arrests for illegal entry in that area, witnessed an illegal border crossing. Further, Ortiz was dressed in the same dark-over-dark attire as the person the Border Patrol agent saw jump the border fence.

2

These were sufficiently particularized and articulable grounds for suspecting Ortiz of having entered the country illegally.

Ortiz's sentencing challenges are similarly unavailing. "The Sentencing Guidelines allow district courts to grant a two-level downward adjustment to a defendant who 'clearly demonstrates acceptance of responsibility for his offense.'" *United States v. Ramos-Medina*, 706 F.3d 932, 940 (9th Cir. 2012) (quoting U.S.S.G. § 3E1.1(a)). The defendant "bears the burden of showing that he has accepted responsibility for his actions." *Id.* Our review of the record indicates that Ortiz cannot meet his burden given that his defense throughout his jury trial was that the government got the "wrong guy." The district court did not clearly err in refusing to award Ortiz a two-level downward adjustment for acceptance of responsibility. *Id.* at 942.

Finally, Ortiz claims that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court did not abuse its discretion here. The court explained that it had considered all of the § 3553(a) factors, and made detailed findings regarding certain factors, such as the defendant's prior criminal history. Ortiz's main argument to the contrary—that the district judge's description of the sentence as "adequate" rather than

3

"parsimonious" or "not greater than necessary" rendered the sentence unreasonable—has previously been rejected by this court. *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1194 (9th Cir. 2011); *see also United States v. Juan*, 704 F.3d 1137, 1143 (9th Cir. 2013) (refusing to "needlessly elevate form over substance" when reviewing a sentence).

**AFFIRMED.**