BYBEE, Circuit Judge,
concurring in
part and dissenting in part:
I agree with the majority that Enriquez preserved his arguments with his sentencing memorandum and his counsel’s statements during the sentencing hearing. I also agree, that in some circumstances, drug couriers are eligible for a minor role adjustment under § 3B1.2 of the United States Sentencing Guidelines. But the majority veers off course by applying de novo review, “viewing] this case as appropriate for ... clarification” because the “district court’s comments [we]re ambiguous as to whether it had discretion.” Maj. Op. at 474.
We review a district court’s application of the Sentencing Guidelines to the facts of a case for an abuse of discretion. United States v. Rodriguez-Castro, 641 F.3d 1189, 1192 (9th Cir.2011). A district court’s finding that a defendant does not qualify for a mitigating role reduction is a “determination that is heavily dependent upon *475 the facts of the particular case,” U.S. Sentencing Guidelines Manual § 3B1.2., cmt. 8(C) (2013), and will be upheld unless clearly erroneous. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994).
Here, the majority fails to “give the district court a great degree of deference.” United States v. Rosas, 615 F.3d 1058, 1066-67 (9th Cir.2010). There are two problems with the majority’s analysis. First, it is premised on an incorrect reading of the record. The district court never held that couriers are ineligible for the minor role reduction. In fact, the district court said the exact opposite: “every case has to be considered on its own merits.” The district court also demonstrated its consideration of the minor role reduction during its colloquy with counsel by asking whether Enriquez’s sentencing recommendation was based on “credit twice for minor role” and by discussing the base level offense reductions that were potentially available. Furthermore, there is nothing ambiguous about the court’s statement that Enriquez was “not precluded from it [the minor role reduction] but ... [i]t doesn’t mean that we have to [give the reduction].”
Admittedly, the district court expressed reservations about the minor role reduction, but we have previously upheld sentencing decisions in similar situations. For example, the appeal in United States v. Rodriguez-Castro centered on an assertion that the district court denied the minor-role adjustment because of a policy disagreement. Id., 641 F.3d at 1192-93. Despite the district court’s critiques, we affirmed the sentence because the district court made an individualized assessment and “possession of a substantial amount of narcotics was grounds for refusing to grant a sentence reduction.” Id. at 1193 (internal quotations and citation omitted). See also United States v. Buenrostro, 868 F.2d 135, 138 (1989) (upholding a district court’s decision not to give a role reduction because couriers “own activity and their own conduct together with their own intent to bring the narcotics into the United States and get them past that last roadblock is an important, critical event in the tracking of narcotics. And, therefore, it is not minor, it is not minimal.”).
Second, United States v. Rojas-Millan, 234 F.3d 464 (9th Cir.2000), is inapposite. In Rojas-Millan, the district court expressed frustration with the vagueness of the Sentencing Guidelines’ downward departure for aberrant behavior. 234 F.3d at 474. It further complained that the “guidelines have failed us. We cannot shape a sentence ... as we should be able to.” Id. Then, without any additional findings, the district court rejected the request for a downward departure. Id. By contrast, the district court here understood the minor role adjustment and had no difficulty shaping a sentence. More importantly, this case also differs from Rojas-Millan because the district court articulated reasons for denying the minor role reduction, including the fact that Enriquez attempted to transport over twenty-two pounds of methamphetamine into the United States.
To summarize, the majority misreads the record and relies on an irrelevant case. Based on these two errors, the majority applies de novo review and vacates Enri-quez’s sentence even though there is nothing in the record that creates a “ ‘definitive and firm conviction that a mistake has been committed.’ ” Rosas, 615 F.3d at 1066 (quoting Easley v. Cromartie, 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001)).
The district court correctly applied all of the § 3553(a) factors, and considered Enri- *476 quez’s particular circumstances.[1] The court then gave Enriquez several other sentencing reductions based on its findings before ultimately sentencing Enriquez to thirty-nine months below the low end of the sentencing range. I see no reason to disturb the district court’s decision, and accordingly dissent from the majority’s holding to the contrary.

. The court specifically acknowledged Enri-quez's remorse, acceptance of responsibility, unfortunate involvement with a woman who preyed upon Enriquez while he was in a fragile emotional state, his mother's health issues, and Enriquez’s work as an ordained pastor.