**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50016 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00858-ODW |
| v. | |
| JOSE ARNOLDO MORALES MOSCOSO, a.k.a. Raul Mocoso, a.k.a. Jose Arnoldo Morales, a.k.a. Raul Moscoso, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted February 18, 2014**

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

     Jose Arnoldo Morales Moscoso appeals from the district court's judgment

and challenges the 77-month sentence imposed following his guilty-plea

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morales Moscoso contends that the district court erred by punishing him for rejecting a fast-track plea agreement and by not mentioning the parsimony principle found at 18 U.S.C. § 3553(a). We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court properly considered the section 3553(a) factors, did not give any improper weight to Morales Moscoso's rejection of the fast-track plea agreement in selecting the sentence, and adequately explained its reasons for the sentence. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1194 (9th Cir. 2011) ("[T]he district court is not required to . . . use specific phrases during the sentencing process.").

Morales Moscoso also contends that his sentence is substantively unreasonable because it is greater than necessary. The district court did not abuse its discretion in imposing the sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the low end of the Guidelines range is substantively reasonable in light of the section 3553(a) factors and the totality of the

circumstances, including Morales Moscoso's extensive criminal history and his three prior deportations. *See id.*

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1063 (9th Cir. 2000), we remand this case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b)(2).

**AFFIRMED; REMANDED to correct the judgment.**