**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50085 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02917-DMS-1 |
| v. | |
| RAFAEL GOMEZ-HAWKINS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted March 7, 2012[**]
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Rafael Gomez-Hawkins (Gomez) appeals his jury conviction and

sentence for two counts of transporting illegal aliens in violation of 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1324(a)(1)(A)(ii).  We affirm.  Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court did not abuse its discretion in formulation of the jury instructions.  *See United States v. Chang Da Liu*, 538 F.3d 1078, 1088 (9th Cir. 2008) (describing standard of review).  Gomez argues that the material witnesses testifying against him received favored treatment from the government and that such treatment required the district court to give the "Witness Receiving Benefits" instruction to the jury.  The district court instructed the jury pursuant to Ninth Circuit Model Jury Instruction § 3.9, which effectively instructs jurors that they may take into account witness interest, bias, or prejudice as well as "any other factors that bear on believability."  In reviewing the instructions given as a whole, we conclude that the court adequately guided the jury's deliberation.  *See United States v. Shipsey*, 363 F.3d 962, 968 (9th Cir. 2004) ("Where the instruction actually given was legally sufficient, a defendant cannot successfully contend that declining to use his specific formulation was an abuse of discretion.").

II

The district court did not commit plain error by imposing a six-level sentencing enhancement under U.S.S.G. § 2L1.1(b)(6) for "intentionally or recklessly creating a substantial risk of death." The Sentencing Guidelines specifically cite "transporting persons in the trunk or engine compartment of a motor vehicle" as an example of reckless conduct that satisfied the standard. § 2L1.1, cmt. n.5. The district court found on an undisputed record that Gomez transported two illegal aliens in the trunk of his car through the very hot and dry California desert. Given the Guideline commentary and the record, the district court did not err in imposing the enhancement.

Gomez argues that the district court erroneously applied a preponderance of the evidence standard of proof, rather than requiring proof by clear and convincing evidence. But the factual basis of the enhancement was undisputed, so, even if a "clear and convincing" standard applied, the court did not err.

III

The district court did not clearly err in denying Gomez's request for a two-level sentence "minor role" adjustment. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011) (describing standard of review). The Sentencing Guidelines permit such an adjustment when a defendant proves that he

3

"play[ed] a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, cmt. n.3(A). The record here supports the district court's conclusion that Gomez failed to prove by a preponderance of the evidence that he was a minor participant. *See United States v. Pizzichiello*, 272 F.3d 1232, 1237 (9th Cir. 2001) (citing *United States v. Ladum*, 141 F.3d 1328, 1348 (9th Cir. 1998)). Gomez was convicted for unlawfully transporting two illegal aliens. He was arrested with the aliens in the car he was driving with no other passengers. According to the material witnesses, Gomez was the one who picked the aliens up at a safe house on the U.S. side of the border and then drove them around until he found a suitable place to put them in his trunk. Gomez identified no other person that might have been involved. Thus, although others may well have been involved, the district court did not clearly err in denying the minor role adjustment request.

**AFFIRMED.**