**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10679 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03662-JGZ |
| v. | |
| PAUL ANTONIO CASTRO-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Paul Antonio Castro-Lopez appeals from the district court's judgment and

challenges the 84-month sentence imposed following his guilty-plea conviction for

importation of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1),

(b)(1)(B)(ii); and possession with intent to distribute cocaine, in violation of 21

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Castro-Lopez contends that the district court erred in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). Castro-Lopez argues that he was entitled to the adjustment because he was merely a courier who believed he was carrying marijuana and not cocaine. The court did not clearly err in denying the adjustment. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1061 (2012). Because the record reflects that 62 kilograms of cocaine were concealed in the roof of the car driven and registered to Castro-Lopez, he failed to establish that he was substantially less culpable than the average participant. *See id.* ("The court was justifiably skeptical that this amount of drugs [33.46 kilograms of cocaine] would be entrusted to a minor player.").

Castro-Lopez next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Castro-Lopez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence 37 months below the advisory Guidelines range is substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors. *See id.*

**AFFIRMED.**

11-10679