**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10057 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-03377-DCB |
| v. | |
| JESUS BENJAMIN VELASQUEZ, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Linda R. Reade, District Judge, Presiding[**]

Submitted March 12, 2013[***]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Jesus Benjamin Velasquez, Jr., appeals from the district court's judgment

and challenges the 41-month sentence imposed following his guilty-plea

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Velasquez first contends that the district court erred in denying him a role adjustment pursuant to U.S.S.G. § 3B1.2. We review for clear error. *See United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006). Because Velasquez failed to prove that he was substantially less culpable than the average participant, the district court did not clearly err in denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1061 (2012).

Velasquez next contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors, failing to explain the sentence or why it rejected his mitigating arguments, and treating the Guidelines as mandatory. The record belies these contentions.

Velasquez finally contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Velasquez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the bottom of the advisory Guidelines range is substantively reasonable in light of the totality of the circumstances and the section 3553(a) sentencing factors. *See id*.

**AFFIRMED.**