**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50448 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-04639-LAB |
| v. | |
| ARTURO MONZON-MUNOZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Arturo Monzon-Munoz appeals from the district court's judgment and challenges the 68-month sentence imposed following his guilty-plea conviction for conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Monzon-Munoz contends that, because he was merely a courier, the district court erred in denying him a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). The district court did not clearly err. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). Because the record reflects that Monzon-Munoz knowingly transported 3,592 kilograms of marijuana across the border, he failed to establish that he was substantially less culpable than the average participant. *See id.* at 1193 ("We have recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction.") (internal quotation marks omitted).

Monzon-Munoz next contends that the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors, and that the resulting sentence was substantively unreasonable. The record reflects that the court properly considered the section 3553(a) factors. The district court did not abuse its discretion in weighing those factors, and in light of the totality of the circumstances, the within-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, the government is not precluded by the plea agreement or the doctrines of judicial or equitable estoppel from arguing in support of the sentence imposed by the district court. *See Rodriguez-Castro*, 641 F.3d at 1192.

**AFFIRMED.**

2                                                    12-50448