**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50554 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-03364-LAB |
| v. | |
| ADRIANA BONILLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Adriana Bonilla appeals from the district court's judgment and challenges

the 57-month sentence imposed following her guilty-plea conviction for

importation of heroin, in violation of 21 U.S.C. §§ 952 and 960.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bonilla contends that the district court erred by denying her request for a minor role adjustment under U.S.S.G. § 3B1.2(b). The record reflects that the court properly compared Bonilla's conduct to that of an average participant in determining whether to grant the adjustment. *See United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006). Because Bonilla failed to establish that she was substantially less culpable than the average participant, the district court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

Bonilla next contends that her sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Bonilla's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence 13 months below the bottom of the advisory Guidelines range is substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors. *See id*.

**AFFIRMED.**

12-50554