**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30072 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-06003-FVS |
| v. | |
| JUAN MANUEL PALAFOX-CORTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Juan Manuel Palafox-Cortes appeals from the district court's judgment and challenges the 96-month sentence imposed following his guilty-plea conviction for conspiracy and aiding and abetting, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Palafox-Cortes contends that the district court erred by denying his request for a role adjustment under U.S.S.G. § 3B1.2. We review for clear error. *See United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006). Because the record reflects that Palafox-Cortes was involved in the transportation and delivery of a substantial amount of methamphetamine and did not demonstrate that he was "substantially less culpable than the average participant" in the conspiracy, the court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

Palafox-Cortes also contends that the district court erred by denying his motion for a departure under U.S.S.G. § 5K2.0(a)(3). We do not evaluate challenges to the court's denial of a departure under Section 5K for procedural correctness, but rather as part of a sentence's substantive reasonableness. *See United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). Contrary to Palafox-Cortes's contention, the district court did not abuse its discretion in imposing his sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the severity of the offense. *See id.*

**AFFIRMED.**

13-30072