**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JESUS ALBERTO REYNA-ACEVEDO, Defendant - Appellant. | No. 13-50009 D.C. No. 3:12-cr-02517-IEG MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, District Judge, Presiding

Submitted March 10, 2014[**]

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Jesus Alberto Reyna-Acevedo appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

importation of cocaine, in violation of 21 U.S.C §§ 952 and 960. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reyna-Acevedo contends that the district court violated Federal Rule of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Criminal Procedure 32(i)(3)(B) by failing to resolve factual disputes relating to his role in the offense. We review for plain error, *see United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013), and find none. Reyna-Acevedo did not file objections to the presentence report, *see* Fed. R. Crim. P. 32(f), and neither his sentencing memorandum nor his arguments at the hearing sufficiently alerted the district court to the presence of a factual dispute to trigger the court's obligations under Rule 32(i)(3)(B). *See United States v. Petri*, 731 F.3d 833, 841 (9th Cir.) ("Only specific factual objections trigger Rule 32(i)(3)(B)." (internal quotations omitted)), *cert. denied*, 134 S. Ct. 681 (2013).

Reyna-Acevedo also contends that the district court erred by denying him a role adjustment under U.S.S.G. § 3B1.2(b). He argues that the court failed to apply the correct legal standard and that its deficient explanation of its ruling on the issue prevents meaningful appellate review. The record does not support the inference that the district court applied the wrong legal standard. Furthermore, the record is sufficient to permit appellate review and reflects that denial of the adjustment was proper because Reyna-Acevedo failed to carry his burden of proving that he was "substantially less culpable than the average participant" in the criminal scheme. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

**AFFIRMED.**