**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JESUS BRIONES,<br><br>Defendant - Appellant. | No. 13-50309<br><br>D.C. No. 3:13-cr-00002-LAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Jesus Briones appeals from the district court's judgment and challenges the 70-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Briones contends that the district court legally erred by misapplying the Guidelines and using improper standards and factors to deny his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). We review de novo the district court's interpretation of the Guidelines and for clear error its factual determination that a defendant is not a minor participant. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The record reflects that the court followed the Guidelines by comparing Briones's conduct to that of an average participant, properly considered the totality of the circumstances in making its minor role determination, and did not rely on improper factors. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *Rodriguez-Castro*, 641 F.3d at 1192-93. Because Briones failed to establish that he was substantially less culpable than the average participant, the district court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *Rodriguez-Castro*, 641 F.3d at 1192-93.

Briones also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Briones's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence 17 months below the bottom of the advisory Guidelines range is substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors. *See id*.

**AFFIRMED.**