**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50394 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01451-LAB |
| v. | |
| ENRIQUE ARAUJO-VELARDE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 13, 2014[**]

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

Enrique Araujo-Velarde appeals from the district court's judgment and challenges the 48-month sentence imposed following his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Araujo-Velarde contends that the district court legally erred by misapplying the Guidelines and using improper standards and factors to deny his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). We review de novo the district court's interpretation of the Guidelines and for clear error its factual determination that a defendant is not a minor participant. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The record reflects that the court followed the Guidelines by comparing Araujo-Velarde's conduct to that of an average participant, properly considered the totality of the circumstances in making its minor role determination, and did not rely on improper factors. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *Rodriguez-Castro*, 641 F.3d at 1192-93. Because Araujo-Velarde failed to establish that he was substantially less culpable than the average participant, the district court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *Rodriguez-Castro*, 641 F.3d at 1192-93.

Araujo-Velarde also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Araujo-Velarde's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the low end of the Guidelines range is substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors. *See id*.

**AFFIRMED.**

13-50394