FILED

OCT 1 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50245 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00087-LAB |
| v. | |
| LUIS ANTONIO GONZALEZ-MEZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Luis Antonio Gonzalez-Meza appeals from the district court's judgment and challenges the 84-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gonzalez-Meza contends that the district court committed three legal errors in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). He contends that the court: (i) failed to consider his relative culpability; (ii) failed to take into account his lack of actual knowledge of the drugs in his car or the structure and operations of the smuggling operation; and (iii) improperly relied on drug quantity in denying the adjustment. We review de novo, *see United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011), and find no legal error in the denial of the request. The record reflects that the court considered Gonzalez-Meza's relative culpability, as required by section 3B1.2(b), *see* U.S.S.G. § 3B1.2(b) & cmt. n.3(A), and gave appropriate consideration to his level of knowledge regarding the drugs and the drug smuggling operation. The court's consideration of the quantity of drugs involved was not improper. *See Rodriguez-Castro*, 641 F.3d at 1193. Moreover, because Gonzalez-Meza failed to establish that he was substantially less culpable than the average participant, the district court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *Rodriguez-Castro*, 641 F.3d at 1192-93.

Gonzalez-Meza also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Gonzalez-Meza's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence

13-50245

24 months below the bottom of the advisory Guidelines range is substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors.  *See id.*

**AFFIRMED.**