NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30054 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00158-RAJ-2 |
| v. | |
| HARDEEP SINGH, | MEMORANDUM∗ |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted July 10, 2015
Seattle, Washington

Before: NGUYEN and FRIEDLAND, Circuit Judges, and ZOUHARY, District Judge.∗∗

---

∗ This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

∗∗ The Honorable Jack Zouhary, United States District Judge, Northern District of Ohio, sitting by designation.

Hardeep Singh appeals the district court's denial of his motion to discharge counsel. He also appeals his 84-month sentence for conspiracy to distribute MDMA/Ecstasy and BZP, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

1.      The district court did not abuse its discretion in denying Singh's motion to discharge counsel. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009). To make this determination, we examine "1) the timeliness of the motion; 2) the adequacy of the district court's inquiry into the defendant's complaint; and 3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir. 2005). Singh's motion was filed late and did not explain any substantial problem with his counsel, and the district court conducted an adequate inquiry.

2.      Singh contends the district court erred in its application of the Sentencing Guidelines by (1) attributing to him drugs from a transaction in which he was not involved, and (2) denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). We review the district court's factual determinations for clear error. *See United States v. Gadson*, 763 F.3d 1189, 1219 (9th Cir. 2014) (drug

2

quantity); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011) (roles in the offense).

As to the quantity of drugs, the district court correctly concluded that the total quantity of drugs from all three transactions should be included in calculating Singh's base offense level pursuant to U.S.S.G. § 1B1.3(a)(1)(B).  Singh's objection to the Presentence Report argued that the full quantity of drugs was not foreseeable to him. We interpret the district court's finding that Singh and his co-defendant were in "lock-step" at each stage of the conspiracy as a finding of foreseeability.  Because the quantity of drugs in all three transactions was reasonably foreseeable and "within the scope of the criminal activity that [Singh] jointly undertook," the district court did not err in holding Singh accountable for the total quantity.  U.S.S.G. § 1B1.3(a)(1)(B) cmt. n.2; *see also Gadson*, 763 F.3d at 1220–21.

The district court did not err in denying Singh's request for a minor role adjustment.  A "minor participant" within the meaning of Section 3B1.2(b) is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5.  "It is not enough that [Singh] was less culpable than [his] co-participants, or even that [Singh] was among the least culpable of the group, because a minimal or minor participant adjustment under § 3B1.2 is available only if [Singh] was 'substantially' less culpable than [his] co-participants." *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006)

3

(quoting *United States v. Johnson*, 297 F.3d 845, 877 & n.37 (9th Cir. 2002)). Singh, a "middle man" in the conspiracy, did not qualify for a minor role under the Guidelines.

**AFFIRMED.**