**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50377 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02792-BEN |
| v. | |
| RAUL PRECIADO-OVALLES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Raul Preciado-Ovalles appeals from the district court's judgment and
challenges the 70-month sentence imposed following his guilty-plea conviction for
importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We
have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Preciado-Ovalles contends that the district court relied on improper factors to deny his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). We review de novo the district court's interpretation of the Guidelines and for clear error its factual determination that a defendant is not a minor participant. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The record reflects that the district court understood and applied the correct legal standard, properly considered the totality of the circumstances, and did not rely on improper factors in denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *United States v. Hurtado*, 760 F.3d 1065, 1068-69 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1467 (2015). The record further supports the court's conclusion that Preciado-Ovalles failed to carry his burden of establishing that he was entitled to the adjustment. *See Rodriguez-Castro*, 641 F.3d at 1193.

Preciado-Ovalles next contends that the district court procedurally erred by imposing a pre-determined sentence and by failing to explain the sentence adequately. These contentions are not supported by the record.

Lastly, Preciado-Ovalles contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing the sentence, which is 38 months below the bottom of the Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

14-50377