**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 14-50515, 14-50536, 14-50545 & 15-50540 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 8:12-cr-00090-AG-1 |
| | 8:12-cr-00090-AG-2 |
| CRAIG MARTIN SHULTS, | 8:12-cr-00090-AG-3 |
| JOSEPH HAYMORE, | 8:12-cr-00090-AG-6 |
| PAUL LICAUSI, | |
| SYLVIA MELKONIAN, AKA Sylvia Ibarra, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeals from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted December 4, 2017
Pasadena, California

Before: TASHIMA and BERZON, Circuit Judges, and KENNELLY,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Craig Shults, Joseph Haymore, Paul Licausi, and Sylvia Melkonian appeal their convictions for wire fraud under 18 U.S.C. § 1343. Shults and Haymore also appeal their sentences. The convictions involved a scheme to sell investors distressed residential properties without disclosing known issues with the title and physical quality of the homes.

The defendants raise six issues on appeal. First, all defendants claim the trial court erroneously denied their motion to sever their joint trial. Second, Haymore and Licausi argue the trial court wrongly admitted two exhibits. Third, Haymore, Licausi, and Melkonian contend their convictions were supported by insufficient evidence. Fourth, all defendants argue the prosecution engaged in misconduct. Fifth, Shults challenges the role enhancement the trial court applied to his sentence. Sixth, Haymore argues the district court erroneously calculated the loss amount and restitution order when determining the sentence to impose.

First, the defendants waived review of the district court's denial of their motion to sever by failing to renew the motion at the close of evidence. A severance motion must be renewed at the close of evidence or it is waived, unless the movant "can show either that he diligently pursued severance or that renewing the motion would have been an unnecessary formality." *United States v. Decoud*,

456 F.3d 996, 1008 (9th Cir. 2006) (citation omitted). Neither exception applies. When the trial court denied a pretrial motion to sever, it stated that its ruling was accompanied by "a very, very, strong statement of that being without prejudice to the presentation of additional facts along the way." The defendants allege that, as the trial progressed, additional facts supporting severance emerged—yet they did not renew the motion when those facts were introduced. Thus the renewal of the motion at the close of evidence would not have been an unnecessary formality.[1]

Second, we uphold the trial court's admission of Exhibits 173 and 175-A. "We review a district court's finding that evidence is supported by a proper foundation for an abuse of discretion." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). Federal Rule of Evidence 901(a) requires that the proponent "make only a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity." *United States v. Chu Kong Yin*, 935 F.2d 990, 996 (9th Cir. 1991) (internal quotation marks and citation omitted). At issue is the admission of Exhibit 173, an e-mail from Haymore to Shults with an attached PowerPoint, and Exhibit 175-A, an e-mail from Licausi to Shults with an attached

---

[1] To the extent the defendants challenge the denial of the timely pretrial motion to sever, the district court did not abuse its discretion in refusing severance at the time it was requested without prejudice to the issue being renewed at trial. *See United States v. Kaplan*, 554 F.2d 958, 966 (9th Cir. 1977).

real estate agreement. The foundation for both exhibits was provided by Norman Southerby, to whom Shults forwarded both e-mails, who authenticated each exhibit through the "testimony of a witness with knowledge." Fed. R. Evid. 901(b)(1). The exhibits were also adequately authenticated by supporting circumstantial evidence. *See* Fed. R. Evid. 901(b)(4). First, Justin Hannah testified that he introduced Shults and Haymore around the time the e-mails were exchanged. Next, Manuel Ramirez, an associate of Shults, testified that Shults was e-mailed a PowerPoint presentation and that Shults discussed with Haymore and Licausi how the PowerPoint presentation would be used. Finally, Cory Cooper, an employee at Haymore's company, testified that the PowerPoint attached to Shults's e-mail to Haymore included contents that were also included in other PowerPoints compiled by Haymore's company. Moreover, the e-mails bore the e-mail addresses used by Haymore, Licausi, and Shults. *See United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012) (use of the defendant's e-mail address was circumstantial evidence that the proffered e-mail from the defendant was authentic).

Once a party has introduced enough evidence to allow a reasonable juror to find that an exhibit is what it is claimed to be—as the recipient of an e-mail may do, based upon knowledge through receipt of the item—further arguments about the reliability of the exhibit go to the weight the jury should give it, not its

4

admissibility.  Given Southerby's testimony and the supporting circumstantial evidence, the trial court did not abuse its discretion by admitting the exhibits. Finally, we have considered the defendants' Confrontation Clause and Best Evidence Rule arguments and conclude they lack merit.

Third, we affirm the convictions of Haymore, Licausi, and Melkonian, each of whom contests the sufficiency of evidence underlying his or her conviction. We review the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc).  The elements of wire fraud are (1) the existence of a scheme to defraud, (2) the use of wire, radio, or television to further the scheme, and (3) a specific intent to defraud.  18 U.S.C. § 1343; *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008).

The Government introduced sufficient evidence to convince a rational trier of fact that Haymore and Licausi engaged in a scheme of fraudulent conduct with specific intent to defraud.  This included evidence that Haymore and Licausi continued to provide real estate for Shults to sell after learning of title issues with the properties.  The Government also offered evidence showing that Haymore and Licausi, at the onset of the scheme, shared with Shults a PowerPoint and contract

5

that contained promises, including prompt delivery of title, that were never fulfilled for many buyers. Likewise, the Government presented sufficient evidence to convince a rational trier of fact that Melkonian also had the requisite intent. Melkonian was apprised of the significant title issues with the properties being sold, but continued to aid Shults in the sales of the property long after these issues arose. Finally, the Government also introduced sufficient evidence of the use of the wires for Haymore, Licausi, and Melkonian. Each conviction was supported by sufficient evidence.

Fourth, the prosecution did not engage in misconduct that warrants reversal. We review the record de novo to determine if prosecutorial misconduct occurred, and for plain error to determine whether reversal is warranted where, as here, the defendants did not object contemporaneously to the misconduct. *United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015).

The defendants challenge certain statements as impermissible "vouching," which is misconduct. Vouching occurs when a prosecutor's statement "improperly introduce[s] . . . the prosecutor's experience with similar cases . . . as a means of commenting on the defense's case." *United States v. Wright*, 625 F.3d 583, 611 (9th Cir. 2010). The Court agrees that the prosecutor, when he twice analogized the defendants' cases to conduct in "every fraud case" he had worked on, engaged

in improper vouching. But because the statement was partially invited by the defense's argument, isolated, and of limited severity, the Court concludes that the statements do not warrant reversal. *United States v. Koon*, 34 F.3d 1416, 1445-46 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996).

The prosecutor's other statements challenged by the defendants do not constitute misconduct. First, the prosecutor's mention of his "next gang case," made while describing the consequences of the defense's line of reasoning in a hypothetical future case, was not misconduct, as the prosecutor did not reference gangs in a way that would encourage the jury to convict the defendants for "reasons wholly irrelevant to [their] own guilt or innocence." *Id.* at 1443 (internal quotation marks and citations omitted). Second, the prosecutor's characterization of the reasonable doubt standard was not misconduct, as it fairly characterized the burden placed upon the jury. Third, the prosecution's objection to the introduction of certain evidence as hearsay was not misconduct. A prosecutor who objects to the defense's exhibit as hearsay, whose objection is ultimately denied, and against whom the exhibit is used in closing has not committed misconduct. Finally, the cumulative effect of the prosecution's conduct does not warrant reversal. Unlike in *United States v. Wallace*, 848 F.2d 1464, 1475-76 (9th Cir. 1988), in which the

7

defendant's conviction relied on limited evidence, the defendants' convictions in the present case were premised on ample evidence establishing their guilt.

Fifth, we affirm the district court's application of a four-level role enhancement to Shults's sentence. The Court reviews Shults's first argument, that the trial court misapplied the Sentencing Guidelines, for abuse of discretion. *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The trial court did not abuse its discretion by failing to make specific factual findings when determining the proper role enhancement. *United States v. Ponce*, 51 F.3d 820, 826 (9th Cir. 1995) ("The district court need not make specific findings of fact in support of an upward role adjustment.") (citation omitted).

We review Shults's second argument, that the facts do not support his "leader" enhancement, for clear error. *Rodriguez-Castro*, 641 F.3d at 1192. The trial court did not clearly err. Not only did Shults facilitate and lead the seminars at which the investors were deceived, he exercised authority over Melkonian during the fraudulent scheme, which is sufficient to warrant the enhancement. *United States v. Barnes*, 993 F.2d 680, 685 (9th Cir. 1993) (affirming leadership enhancement applied to defendant who exercised authority over one other individual).

Finally, we affirm the district court's calculation of $1.4 million as the amount of loss attributable to Haymore. We apply de novo review to Haymore's first argument, that the trial court wrongly found the amount of loss by a preponderance of evidence, rather than clear and convincing evidence. *United States v. Berger*, 587 F.3d 1038, 1042 (9th Cir. 2009). The trial court did not err by using the preponderance standard to find the amount of loss. The preponderance standard is appropriate to find the facts relating to the extent of a conspiracy or a fraudulent scheme, such as wire fraud. *Id.* at 1048-49.

We review Haymore's second argument, that the trial court miscalculated the amount of loss, for clear error. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). The trial court "need only make a reasonable estimate," which is "entitled to appropriate deference," as "[t]he sentencing judge is in a unique position to assess the evidence." U.S.S.G. § 2B1.1 cmt. 3(C). The total losses associated with the scheme were approximately $6 million: $4 million in 2009 and, after Haymore departed the scheme, $2 million in 2010. Haymore contends that the trial court clearly erred by using losses incurred in 2009 and 2010 to calculate his amount of loss. We disagree; the trial court did not use losses from 2010. The court based its estimate of loss for Haymore on its estimate for Shults. During Shults's sentencing, the Government repeatedly stated it was attempting to

prove that he was responsible for $4 million in losses—the amount of loss attributable to the 2009 conduct. During Haymore's sentencing, the trial court interrupted his counsel twice to suggest it had based Shults's sentence on $4 million of losses (the 2009 losses), not $6 million (the sum of 2009 and 2010 losses). The trial court ultimately discounted Haymore's losses by $600,000 from its finding for Shults. Thus the loss amount and restitution order were not clearly erroneous.

**AFFIRMED.**