**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50427 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01576-LAB |
| v. | |
| DANIEL MARQUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Daniel Marquez appeals from the district court's judgment and challenges the 78-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Marquez contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. He argues that the district court improperly failed to compare his culpability to that of other likely participants in his drug smuggling activity, and misapplied or disregarded some of the factors listed in the commentary to the Guideline. We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Notwithstanding the fact that it was his burden to demonstrate his entitlement to a minor role adjustment, *see United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018), the record shows that Marquez did not identify any other likely participants in his offense. The district court nevertheless considered the organization hierarchy and the factors relevant to the minor role determination. *See* U.S.S.G. § 3B1.2 cmt. n.3(C). In light of the facts, including Marquez's multiple prior drug crossings, the court did not abuse its discretion in concluding that Marquez had failed to show that he was "substantially less culpable" than the average participant. *See* U.S.S.G. § 3B1.2 cmt. n.3(A). Contrary to Marquez's argument, the court was not required to give particular weight to any single factor. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Moreover, Marquez's assertion that he was merely a courier did not alone entitle

17-50427

him to the adjustment. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

**AFFIRMED.**