NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-365 |
| Plaintiff - Appellee, | D.C. No. 3:20-cr-03596-WQH-1 |
| v. | |
| JEFFREY LEE FITZHUGH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 12, 2024[**]
Pasadena, California

Before: EBEL[***], BADE, and FORREST, Circuit Judges.

Defendant Jeffery Fitzhugh was convicted of importing 50 grams or more of

a substance containing methamphetamine after he entered the San Ysidro Port of

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David M. Ebel, United States Senior Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

Entry in San Diego, California in a vehicle containing 45.7 kilograms of the substance. Fitzhugh now challenges the district court's sentencing decision. Having jurisdiction under 28 U.S.C. §1291 and 18 U.S.C. § 3742, we affirm.

When calculating Fitzhugh's offense level under the Sentencing Guidelines, the district court did not apply a two-level downward adjustment under U.S.S.G. § 3B1.2(b), which applies to defendants who are "minor participant[s]" in the criminal activity (the "minor role adjustment"). Additionally, the district court applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(5), which applies only if "the defendant is not subject to an adjustment under § 3B1.2." Therefore, the district court's decision not to apply the minor role adjustment led to a four-level swing in his offense level—from 38 to 42.[1] Fitzhugh challenges this decision on appeal.

When the defendant does not object at sentencing to the decision challenged on appeal, this court reviews for plain error. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc). Fitzhugh—proceeding at sentencing pro se—did not request the minor role adjustment, and he did not object when the district court: 1. Stated that Fitzhugh did not request the adjustment; 2. Concluded,

---

[1] Fitzhugh's total offense level was 42, and he fell under criminal history category II. The district court calculated the Guidelines range as 360 months to life with a ten-year mandatory minimum. The district court varied downward and imposed a sentence of 150 months' imprisonment followed by five years of supervised release.

in any event, that Fitzhugh was not a minor participant and denied the adjustment under U.S.S.G. § 3B1.2(b); and 3. Applied the two-level enhancement under U.S.S.G. § 2D1.1(b)(5). Therefore, to prevail on appeal, Fitzhugh must establish (1) error (2) that was plain and (3) that affects substantial rights—meaning there is a reasonable probability that the plain error affected the outcome of Fitzhugh's case. *United States v. Michell*, 65 F.4th 411, 414 (9th Cir. 2023).

Fitzhugh argues that the district court erred in its minor-role analysis because it failed to apply the analytical framework outlined in *United States v. Dominguez-Caicedo*, 40 F.4th 938, 960 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 2615 (2023) (setting forth a three-step process for analyzing the minor role adjustment). We need not decide whether the district court erred in this way because even if it did, any error did not affect Fitzhugh's substantial rights.

Fitzhugh had the burden at sentencing "of proving that he [was] entitled to [the] downward adjustment based on his role in the offense by a preponderance of the evidence." *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011). Despite this burden, Fitzhugh did not request the minor role adjustment, discuss the details of his participation in the offense with prosecutors or the probation officer, or present evidence to the district court about co-participants in the offense and his culpability in relation to those co-participants. Therefore, the record before the district court did not have sufficient information regarding

Fitzhugh's relative culpability, and the district court could deny the minor role adjustment on that basis.[2] *See United States v. Klensch*, 87 F.4th 1159, 1165 (9th Cir. 2023) ("[T]he district court can refuse to grant a minor-role reduction if it finds that the evidence failed to show that there were co-participants or that the defendant's role was minor in comparison to his co-participants.").

Ultimately, even if the district court erred, any error did not affect Fitzhugh's substantial rights because the record before the court was insufficient to support the application of the minor role adjustment.

**AFFIRMED.**

---

[2] One of the district court's reasons for denying the minor role adjustment was Fitzhugh's failure to carry his burden: "[Fitzhugh] has not met his burden to show that his participation rendered him substantially less culpable than the other participants. In this case, he hasn't even really made a cursory request for the [adjustment]."