**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50190 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 3:11-cr-02812-JAH |
| RAYNARD P. BASS, a.k.a. X-Ray, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted March 10, 2014[**]

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Raynard P. Bass appeals from the district court's judgment and challenges

the 63-month sentence imposed following his guilty-plea conviction for conspiracy

to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and

846, and two counts of distribution of a controlled substance, in violation of 21

U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Bass contends that the district court violated his Sixth Amendment rights by determining the quantity of drugs when calculating his sentence. This argument fails because the district court may determine drug quantity without running afoul of the Sixth Amendment as long as that determination does not have any effect on the defendant's statutory sentencing range. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (facts that increase the statutory minimum must be found by a jury); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (facts that increase the statutory maximum must be found by a jury).

Bass also contends that the district court erred by denying him a minor role adjustment under U.S.S.G. § 3B1.2(b). The district court did not clearly err in denying the role adjustment because Bass failed to carry his burden of proving that he was "substantially less culpable than the average participant" in the criminal scheme. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

Bass also contends that the district court erred procedurally by treating the advisory Guidelines range as "the presumptive sentence." We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court used the Guidelines range appropriately, as the "starting point and the initial benchmark" for Bass's sentence, but not as its only determinant. *See United States v. Carty*, 520 F.3d 984,

991 (9th Cir. 2008) (en banc) (internal quotations omitted).

Bass finally contends that the district court erred by giving too much weight to drug quantity and too little weight to the mitigating factors in his case. The district court did not abuse its discretion in imposing Bass's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *See id.*, *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) (the weight to be given to the various factors in a particular case is left to the discretion of the district court).

**AFFIRMED.**