**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50616 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02715-JAH |
| v. | |
| MANUEL ALEJANDRO PATINO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted August 13, 2014[**]

Before:      SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Manuel Alejandro Patino appeals from the district court's judgment and

challenges the 95-month sentence imposed following his guilty-plea conviction for

possession of methamphetamine with intent to distribute, in violation of 21 U.S.C.

§ 841(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Patino claims that the court erred by denying his request for a minor rule reduction pursuant to U.S.S.G. § 3B1.2 because (1) Patino presented sufficient evidence to justify the reduction, and (2) the court improperly relied upon hearsay statements regarding his status as a recruiter to deny the reduction. We review for clear error the district court's factual determination that a defendant is not a minor participant. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). In light of the record, including Patino's transportation of a substantial amount of currency and methamphetamine, the court did not clearly err by denying the adjustment. *See id*. at 1193. Further, because Patino has not shown that the challenged statements regarding his status as a recruiter were false or unreliable, the district court did not err by considering them. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009).

Patino next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Patino's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors, including the nature of Patino's offense. *See id*.

**AFFIRMED.**