**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS ENRIQUE LOPEZ-MEDINA,

Defendant - Appellant.

No. 13-50576

D.C. No. 3:12-cr-03820-LAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Luis Enrique Lopez-Medina appeals from the district court's judgment and

challenges the 48-month sentence imposed following his guilty-plea conviction for

importation of controlled substances, in violation of 21 U.S.C. §§ 952 and 960.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

part.

Lopez-Medina contends that the district court legally erred by misapplying the Guidelines and relying on improper considerations to deny his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). We review de novo the district court's interpretation of the Guidelines and for clear error its factual determination that a defendant is not a minor participant. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The record reflects that the district court understood and applied the correct legal standard, properly considered the totality of the circumstances, and did not rely on improper factors in denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *United States v. Hurtado*, 760 F.3d 1065, 1068-69 (9th Cir. 2014). The record further supports the court's conclusion that Lopez-Medina failed to carry his burden of establishing that he was entitled to the adjustment. *See Rodriguez-Castro*, 641 F.3d at 1193.

Lopez-Medina also contends that his sentence is substantively unreasonable. The government contends that this challenge is barred by the appeal waiver set forth in the parties' plea agreement. Reviewing de novo, *see United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009), we agree. Contrary to Lopez-Medina's contention, the plain language of the waiver permitted him to appeal only the denial of the minor role enhancement. *See id*. at 988.

**AFFIRMED in part; DISMISSED in part.**

13-50576