**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50054 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03257-H |
| v. | |
| JESSE GARCIA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted November 18, 2014**

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Jesse Garcia appeals from the district court's judgment and challenges the

21-month sentence imposed following his guilty-plea conviction for importation of

opium, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Garcia contends that the district court committed three legal errors in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). He contends that the court: (i) failed to consider his relative culpability; (ii) failed to take into account his lack of actual knowledge of the drugs in the car or the structure and operations of the smuggling operation; and (iii) improperly focused on the offense of conviction, rather than the larger criminal scheme. We review the district court's interpretation of the Guidelines de novo and its factual finding that a defendant is not a minor participant for clear error. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The record reflects that the district court applied the correct legal standard, assessing Garcia's culpability relative to that of other participants in the overall criminal scheme by looking at the totality of the circumstances. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *United States v. Hurtado*, 760 F.3d 1065, 1068-69 (9th Cir. 2014). Moreover, because Garcia failed to establish that he was substantially less culpable than the average participant, the district court did not clearly err by denying the adjustment. *See Rodriguez-Castro*, 641 F.3d at 1193.

**AFFIRMED.**