**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50427 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00983-LAB |
| v. | |
| GABRIEL RUIZ-GERARDO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Gabriel Ruiz-Gerardo appeals from the district court's judgment and

challenges the 70-month sentence imposed following his guilty-plea conviction for

possession of methamphetamine with intent to distribute, in violation of 21

U.S.C. § 841(a)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ruiz-Gerardo contends that the district court legally erred in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b).  Specifically, he argues that the district court improperly excluded him from consideration for the role adjustment based on his courier status.  In the alternative, he argues that the court did consider his eligibility for an adjustment, but failed to assess his culpability to that of all of the other participants in the offense.  We review the district court's interpretation of the Guidelines de novo and its factual determination that a defendant is not a minor participant for clear error.  *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011).  The record reflects that the court did not deny the adjustment on the ground that Ruiz-Gerardo was a courier.  Rather, the court applied the correct legal standard, assessing Ruiz-Gerardo's culpability relative to that of the average participant in the criminal scheme based on the totality of the circumstances.  *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *United States v. Hurtado*, 760 F.3d 1065, 1068-69 (9th Cir. 2014).  Moreover, the record supports the district court's conclusion that Ruiz-Gerardo failed to carry his burden of establishing that he was entitled to the adjustment.  *See Rodriguez-Castro*, 641 F.3d at 1193.

**AFFIRMED.**