**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50115 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-04022-LAB |
| v. | |
| JOSE JAIR SAINZ-CAMACHO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 10, 2015**

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Jose Jair Sainz-Camacho appeals from the district court's judgment and

challenges the 67-month custodial sentence and eight-year term of supervised

release imposed following his guilty-plea conviction for importation of heroin and

methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Sainz-Camacho contends that the district court erred in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b) by misapplying the Guideline and relying on improper considerations. We review the district court's interpretation of the Guidelines de novo, its application of the Guidelines to the facts of the case for abuse of discretion, and its factual determination that a defendant is not a minor participant for clear error. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The record reflects that the district court understood and applied the correct legal standard, properly considered the totality of the circumstances, and did not rely on improper factors in denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n. 3(A), (C); *United States v. Hurtado*, 760 F.3d 1065, 1068-69 (9th Cir. 2014), *cert. denied*, 2015 WL 732229 (U.S. Feb. 23, 2015). The record further supports the court's conclusion that Sainz-Camacho failed to carry his burden of establishing that he was entitled to the adjustment. *See Rodriguez-Castro*, 641 F.3d at 1193.

Sainz-Camacho also contends that the district court procedurally erred by failing to explain why it imposed supervised release despite U.S.S.G. § 5D1.1(c), which provides that supervised release should not ordinarily be imposed if the defendant is a deportable alien. The record reflects that the district court

adequately considered section 5D1.1(c) and explained that it believed that a supervised release term was necessary to deter in this case. *See* U.S.S.G. § 5D1.1 cmt. n.5; *Kimbrough v. United States*, 552 U.S. 85, 108-10 (2007) (district courts have discretion to vary from the Guidelines on policy grounds).

Sainz-Camacho last contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Sainz-Camacho's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The term of supervised release and below-Guidelines custodial sentence are substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the large amount of narcotics that Sainz-Camacho imported. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**