**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50153 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01073-WQH-2 |
| v. | |
| SPIROS ROMENSAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 7, 2015[**]
Pasadena, California

Before: BEA and FRIEDLAND, Circuit Judges and RICE,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Thomas O. Rice, United States District Judge for the Eastern District of Washington, sitting by designation.

Spiros Romensas appeals his conviction and sentence for aiding and abetting bank robbery, 18 U.S.C. §§ 2, 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the voluntariness of a *Miranda* waiver; the underlying factual findings are reviewed for clear error. *United States v. Jennings*, 515 F.3d 980, 986 (9th Cir. 2008). A trial court's finding that a *Miranda* waiver was knowing and intelligent is reviewed for clear error. *United States v. Shi*, 525 F.3d 709, 728 (9th Cir. 2008). Here, police officers read to Romensas each of his *Miranda* rights. Romensas told officers that he understood each right. He then spoke to officers at length in English. The court "in all cases must examine the totality of the circumstances," and here the district court did not err in concluding that Romensas's waiver of his rights was voluntary. *United States v. Amano*, 229 F.3d 801, 805 (9th Cir. 2000). Further, Romensas waived each of his rights "with a full awareness of both the right being abandoned and the consequences of the decision to abandon it," and his waiver was knowing and intelligent. *Moran v. Burbine*, 475 U.S. 412, 421 (1986).

Romensas introduced his ex-wife's testimony that Romensas had received a large cash settlement following their divorce to prove that Romensas had no need for the money his co-defendant Steve Ruby robbed from the banks. After her

testimony, the district court did not abuse its discretion when it allowed the government to cross-examine Romensas's ex-wife about Romensas's gambling and employment history. Such cross-examination was permissible to "rebut any false impression that might have resulted from the earlier admission" of evidence as to Romensas's lack of need of money from the bank robberies. *See United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988).

Whether a defendant is entitled to a sentencing guidelines reduction as a minor participant is reviewed for clear error. *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). Romensas denied any role in the robberies. The evidence adduced at trial showed that Romensas was the getaway driver, and as such, a necessary and fully active participant in the robberies. The district court did not clearly err in refusing to apply a minor role reduction.

When a defendant fails to object to the application of a specific sentencing guideline, its application is reviewed for plain error. *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). Romensas did not object to the application of a three-level enhancement under U.S.S.G. § 2B3.1(b)(2)(E) for Ruby's brandishing a dangerous weapon in the course of a robbery. The enhancement applies where the brandishing is a reasonably foreseeable act in furtherance of the crime. U.S.S.G. § 1B1.3(a)(1)(B). Romensas's co-defendant brandished a weapon that

3

was later recovered in Romensas's truck.  Brandishing of a weapon is a reasonably foreseeable act in furtherance of the crime of robbery, and the district court did not plainly err in applying the three-level enhancement.

**AFFIRMED.**