**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50295 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03607-BEN-1 |
| v. | |
| JOSE JIMENEZ-ORTIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 27, 2015[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Jose Jimenez-Ortiz appeals from the district court's judgment and challenges

the 92-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Jimenez-Ortiz challenges the district court's denial of a minor role adjustment under U.S.S.G. § 3B1.2(b). This court reviews de novo the district court's interpretation of the Sentencing Guidelines and for clear error its factual determination that a defendant is not a minor participant. *See United States v. Rodriguez–Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). To the extent Jimenez-Ortiz did not object in the district court on the specific grounds raised here, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

Jimenez-Ortiz first contends that the district court erred by failing to compare him to other participants in the criminal scheme. There is no evidence in the record that the district court improperly ignored the culpability of other known participants. *See United States v. Rosas*, 615 F.3d 1058, 1068 (9th Cir. 2010); *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006).

Jimenez-Ortiz next contends that the district court erred by failing to consider his asserted lack of understanding and knowledge regarding the drug trafficking organization's operations. The district court properly took into account the totality of the circumstances and did not clearly err by concluding that Jimenez-Ortiz failed to meet his burden of proving that he was entitled to a minor role adjustment. *See United States v. Hurtado*, 760 F.3d 1065, 1068-69 (9th Cir. 2014);

*United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

Moreover, the district court was not required to accept Jimenez-Ortiz's self-serving statements as true, especially in light of evidence undermining his credibility, including shifting accounts about his border crossing the week before the instant offense. *See United States v. Ocampo,* 937 F.2d 485, 491 (9th Cir. 1991); *United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991).

Jimenez-Ortiz also contends that the district court failed to make adequate findings about his role in the offense, thereby preventing this court from engaging in meaningful appellate review. The record reflects that the district court clearly denied a minor role adjustment and provided an explanation sufficient for our review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *United States v. Rexford*, 903 F.2d 1280, 1282 (9th Cir. 1990).

Jimenez-Ortiz also argues that reversal is required because, when denying the minor role adjustment, the district court discounted his account of the offense due to the fact that he exercised his privilege against self-incrimination by refusing to discuss the offense with the Probation Officer. The district court did not plainly err. The district court's statements about Jimenez-Ortiz's decision not to discuss matters with the Probation Officer show that the court did not hold the exercise of a constitutional right against him, but instead explained that Jimenez-Ortiz's

3

decision reduced the likelihood that there would be sufficient evidence to warrant a lower sentence. *See United States v. Lapierre*, 998 F.2d 1460, 1467-68 (9th Cir. 1993) (recognizing that, if there is insufficient evidence to establish eligibility for an adjustment, denial of a reduction is appropriate even if the lack of evidence results from the exercise of constitutional rights).

Finally, Jimenez-Ortiz argues that the district court improperly denied a minor role adjustment in order to create a Sentencing Guidelines range that would allow a 92-month sentence. This contention is belied by the record. The record reflects that the 92-month sentence was below the Guidelines range, that the court recognized that the sentence was a variance, and that the court determined that, based on the law and the facts, Jimenez-Ortiz should not receive a minor role adjustment.

**AFFIRMED**.