**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN MUANUEL COTA-CHAVEZ,

Defendant - Appellant.

No. 14-50407

D.C. No. 3:14-cr-00031-DMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Juan Muanuel Cota-Chavez appeals from the district court's judgment and challenges the 48-month sentence imposed following his guilty-plea conviction for importation of methamphetamine and heroin, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Cota-Chavez contends that the district court erred when it denied his request for a minor role adjustment under U.S.S.G. § 3B1.2(b) by (i) failing to compare his culpability to that of others involved in the offense, (ii) failing to consider his limited knowledge about the smuggling operation, and (iii) relying on improper factors. We review de novo the district court's interpretation of the Guidelines and for clear error its factual determination that a defendant is not a minor participant. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). The record reflects that the district court understood and applied the correct legal standard, properly considered the totality of the circumstances, and did not rely on improper factors in denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *United States v. Hurtado*, 760 F.3d 1065, 1068-69 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1467 (2015). The record further supports the court's conclusion that Cota-Chavez failed to carry his burden of establishing that he was entitled to the adjustment. *See Rodriguez-Castro*, 641 F.3d at 1193.

**AFFIRMED.**