NOT FOR PUBLICATION

FILED

SEP 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10092 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00443-AWI-1 |
| v. | |
| ALBERT HOOD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted September 2, 2015[**]

Before: HUG, FARRIS, and CANBY, Circuit Judges.

Albert Hood appeals from the district court's judgment and challenges the 96-month sentence imposed following his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Hood contends that the district court procedurally erred at sentencing because it never mentioned 18 U.S.C. § 3553(a) generally, did not mention some of the specific § 3553(a) factors, and never explicitly stated that the sentence was sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a). Because Hood did not object on these grounds below, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The district court did not plainly err. We presume that the district court knows the law, and it was not required to discuss each factor or state that the sentence was no greater than necessary. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1194 (9th Cir. 2011); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Hood contends that the 96-month sentence is substantively unreasonable because the district court placed too much weight on his criminal history and the need for deterrence and not enough weight on mitigating factors such as the reasons he possessed the firearm and his family ties and educational efforts. We review a sentence for reasonableness in light of the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007). The "weight to be given the various factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez*, 587 F.3d

2

904, 908 (9th Cir. 2009). The sentence is not substantively unreasonable in light of the totality of the circumstances and all of the § 3553(a) factors, including not only the reasons Hood committed the offense, but also his recent prior felon in possession conviction and his crimes of violence.

**AFFIRMED**.