NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-30175 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00110-BR-2 |
| v. | |
| JOSE JOEL HELGUERA-DEL RIO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 17, 2019
Portland, Oregon

Before:  N.R. SMITH and WATFORD, Circuit Judges, and SELNA,[**] District Judge.

Jose Helguera-Del Rio ("Helguera") challenges his convictions for

conspiracy to possess and distribute methamphetamine and cocaine, possession

with intent to distribute methamphetamine and cocaine, and possession of a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

firearm in furtherance of a drug trafficking crime. We affirm.

**1.** The district court properly denied Helguera's motion to suppress the drugs found in the minivan. Helguera was in the passenger seat while his wife's cousin, Alberto Martinez ("Martinez"), drove. A police officer lawfully stopped them and, after observing a firearm in the glove box, took the reasonable step of removing them both from the minivan, leaving the passenger door open. Because the passenger door was open and the officer was "in a place where he ha[d] a right to be," the officer's naked-eye observation of a white substance believed to be drug residue on a dollar bill in the passenger door pocket was not a search. *See United States v. Head*, 783 F.2d 1422, 1426 (9th Cir. 1986). That observation in turn gave the officer probable cause to search the rest of the vehicle for drugs. *See Wyoming v. Houghton*, 526 U.S. 295, 307 (1999).

**2.** Helguera raises three instances of alleged prosecutorial misconduct during closing argument. Because he did not object at trial, we review for plain error. "We may reverse if: (1) there was error; (2) it was plain; (3) it affected the defendant's substantial rights; and (4) viewed in the context of the entire trial, the impropriety seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190–91 (9th Cir. 2015) (internal quotation marks omitted).

The government concedes that the prosecutor committed misconduct by

vouching for the credibility of Martinez's testimony, telling the jury that "it just sounded absolutely so truthful to me." The government further concedes that the prosecutor improperly argued propensity evidence by telling the jury that Helguera had the "lifestyle" of a drug trafficker. Finally, Helguera contends that the prosecutor also violated a stipulation not to "argue to the jury that they should infer . . . a link" between the drug residue in the passenger door compartment and the drugs found in the back of the van. We do not think any of these instances of misconduct rises to the level of plain error because, even considered collectively, they did not affect Helguera's substantial rights.

First, the prosecutor ameliorated the vouching error himself, telling the jury that "[e]ven though I say that Mr. Martinez sounded believable to me, that doesn't matter a lick either." Second, the trial court instructed the jurors that the lawyers' closing arguments are not evidence and that they "should examine the testimony of Mr. Martinez with greater caution than that of other witnesses." Even in cases of prosecutorial misconduct, "an instruction carries more weight than an argument." *United States v. Begay*, 673 F.3d 1038, 1046 (9th Cir. 2011) (en banc); *see also Fields v. Brown*, 503 F.3d 755, 782 (9th Cir. 2007) (en banc) ("We presume that jurors follow the instructions.").

Second, the jury heard plenty of evidence apart from Mr. Martinez's testimony to suggest that Helguera was a knowing participant in a drug trafficking

operation rather than an unwitting bystander. Evidence showed that Helguera and Martinez drove for about 32 hours with little rest, an itinerary consistent with drug trafficking. When he arrived in Southern California, Helguera texted the words "California Budget Motel" to an unknown person, suggesting a clandestine meeting. When the police questioned him about the drugs found in the car, Helguera told them repeatedly that the drugs were not his and that he had not seen them, but he conspicuously avoided answering whether he had been paid to deliver the drugs and whether he knew the drugs were there. He was also carrying over $3,000 in cash. This evidence, independent of the effect of any misconduct, strongly suggested that Helguera was a knowing participant in a drug trafficking conspiracy.

We acknowledge that, as the dissent points out, the prosecution produced less evidence (aside from Martinez's testimony) that tends to directly show that Helguera knowingly possessed the firearm, as alleged in Count 4. However, as noted above, even without Martinez's testimony, the trial evidence established that the firearm was found in the glovebox, mere inches from where Helguera was sitting when stopped by law enforcement. Even without Martinez's testimony, the trial evidence also demonstrated that Helguera provided the vehicle, purchased and possessed the white cell phone used to arrange the transaction, and carried the cash. With or without Martinez's testimony the jury could have inferred from this

circumstantial evidence that Helguera was aware of the firearm. Lastly, because the jury was properly instructed and because the prosecutor's remarks were isolated, and the vouching remarks were corrected by the prosecutor himself, we do not find that Helguera's substantial rights were affected with regards to Count 4.[1]

**3.** The district court correctly denied Helguera's motion for a judgment of acquittal with respect to Count 4, possession of a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). Helguera raised this argument in his motion for judgment of acquittal, which was made following the close of the government's case, and he did not renew that motion after the close of evidence. We "may review an unrenewed motion for judgment of acquittal, but only to prevent a manifest miscarriage of justice, or for plain error." *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201 (9th Cir. 2000). We will "not reverse in the absence of a clear showing of insufficiency," *id*., and Helguera cannot show clear insufficiency here. A rational trier of fact could have found beyond a reasonable doubt, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), that the object in the glove compartment was a "firearm," that is, a "weapon . . . which will

---

[1] Moreover, even if these errors did affect Helguera's substantial rights regarding Count 4, we do not find that these errors are the kind of error that should be noticed under the final, discretionary prong of the plain error test. *See United States v. Perez*, 116 F.3d 840, 846 (9th Cir. 1997) (en banc).

or is designed to . . . expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3); *cf. United States v. Westerdahl*, 945 F.2d 1083, 1088 (9th Cir. 1991) ("Possession of a toy or replica gun cannot sustain a conviction under § 924(c)."). In this case, the gun was admitted into evidence, so the jury could have examined it. The video of the traffic stop also showed the officer emptying bullets from the gun.[2] The jury also heard testimony that the object was a .45 caliber gun. That evidence was sufficient for a rational jury to conclude that the "object" was a firearm designed to expel a projectile.

**4.** Finally, the district court did not abuse its discretion by denying Helguera a "minor participant" adjustment. U.S.S.G. § 3B1.2(b). The district court reasoned that the "extraordinary quantity" of drugs that Helguera possessed showed "that he was in a position of trust within the conspiracy." Our circuit has already approved of that reasoning. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011).

**AFFIRMED.**

---

[2] It isn't clear from the record that this particular portion of the video was played for the jury during trial. However, the full video was entered into evidence and was available for the jury's review during its deliberations.

*United States v. Helguera-Del Rio*, No. 17-30175

WATFORD, Circuit Judge, dissenting in part:

I would reverse Helguera's conviction for possession of a firearm in furtherance of a drug trafficking crime. As the government has conceded, the prosecutor improperly vouched for Martinez's credibility when he assured the jury that Martinez's testimony "just sounded absolutely so truthful to me."

Our disposition recounts the corroborating evidence that suffices to sustain Helguera's convictions for conspiracy and drug possession on plain error review. As to the firearm charge, however, there is no evidence corroborating Martinez's testimony that Helguera knew about the gun. Indeed, if anything, the fact that Helguera opened the glove box in front of a police officer, thereby revealing the contraband gun, casts doubt on Martinez's testimony that Helguera had placed the gun there just minutes before.

With the evidence on this point shaky at best, everything turned on Martinez's credibility. "We have repeatedly reversed convictions for plain error in cases in which witness credibility was paramount and the prosecutor sought to bolster critical testimony through improper conduct." *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1196 (9th Cir. 2015). I would do so here.