NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50230 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00686-PA-1 |
| v. | |
| SALVADOR DELRIO, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson., District Judge, Presiding

Argued and Submitted October 14, 2020
Pasadena, California

Before:  GOULD and LEE, Circuit Judges, and KORMAN,** District Judge.

Salvador Delrio appeals from the district court's preclusion of a necessity

defense at trial and the sentence resulting from his conditional guilty plea.  We have

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1. <u>Necessity defense:</u> We review de novo a district judge's preclusion of a necessity defense. *See United States v. Barnes*, 895 F.3d 1194, 1195 (9th Cir. 2018). To present a necessity defense, a defendant must first establish that a reasonable jury could conclude: "(1) that he or she was faced with a choice of evils and chose the lesser; (2) that he or she acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law." *United States v. Arellano-Rivera*, 244 F.3d 119, 1125-26 (9th Cir. 2001) (citing *United States v. Aguilar*, 883 F.2d 662, 693 (9th Cir. 1989)). But when a "defendant's offer of proof is deficient with regard to *any* of the four elements, the district judge *must* grant the motion to preclude evidence of necessity." *Id.* at 1125-26 (emphasis added).

The district did not err in barring Delrio's necessity defense because he never faced a choice of evils. Instead, a friend invited him to participate in a drug trafficking scheme in exchange for money. He accepted, and only later decided that his actions could "possibly" save an unidentified third-party's life. Indeed, nobody told Delrio that his actions could spare that individual's life. Moreover, Delrio could not establish imminence of harm or a causal connection between his acts and the avoidance of a greater evil.

2. <u>Minor role adjustment:</u> The district court did not err in denying Delrio's request for a minor-role adjustment. In evaluating a request for a minor-role

adjustment, a court must consider the non-exhaustive factors outlined in U.S.S.G. § 3B1.2 cmt. n.3(C). We, however, do not require the district judge to "tick off each of the factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008). Rather, absent evidence to the contrary, we "assume the district judge knew the law and understood his or her obligation to consider all of the sentencing factors." *United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018).

The district court cited and applied the correct Guidelines factors. For example, it discussed Delrio's limited negotiating power in juxtaposition with his substantial autonomy. It reasonably concluded that "defendant occupied a sufficiently high position of trust within the organization to bear sole responsibility for delivering multiple kilograms of methamphetamine and fentanyl," and, therefore, had some understanding of the scope or structure of the scheme.

In refusing to grant minor role adjustment, the district court did not rely solely on Delrio's essential role. Instead, it gave significant weight to the level of autonomy that Delrio exercised, the high quantity of drugs he trafficked, and his possession of a firearm. According to Delrio, the suppliers detained a previous courier because they did not trust him with this shipment. The district court thus did not err in considering the suppliers' apparent trust in Delrio. Moreover, the district court could have considered these factors as inconsistent with a minor role adjustment. *See United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994) (a district

3

court appropriately "denied downward adjustments to defendants who were couriers where some *additional* factors [like the amount of drugs] showed that they were not a minor or minimal [participant]"); *United States v. Rodriguez-Castro*, 641 F.3d 1189 (9th Cir. 2011) (a district court did not abuse its discretion when "justifiably skeptical that [the] amount of drugs [in question] would not be entrusted to a minor player").

3. <u>Quantity of drugs:</u>  The district court did not err in determining that Delrio knew the quantity of drugs in his possession.  Under his plea bargain, Delrio admitted that "he knew that the suitcase and duffel bag contained methamphetamine."

4. <u>Procedurally and substantively unreasonable sentence:</u>  A district court must consider the Section 3553 factors in sentencing a defendant.  18 U.S.C. § 3553(a).  Delrio argues that the district court failed to adequately consider the nature and circumstances of the offense, the need to protect the public from further crimes, and the need to avoid unwarranted sentencing disparities.

But a district court need not "tick off" each of the factors in its explanation. *See Carty*, 520 F.3d at 992.  Absent contrary evidence, we accept a district court's statement that it reviewed and considered the submissions.  *See id.* at 996. The district court acknowledged having "received, read, and considered" the sentencing memoranda and the Presentence Report.

We conclude that the district court did not err by imposing a sentence on the lower end of the Guidelines-recommended range: 240-months imprisonment. We review a district court's decision for an abuse of discretion in light of the totality of the circumstances. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009). Contrary to Delrio's claims, the district court did consider the nature of Delrio's offense, his culpability, available defenses, criminal history, and the need to avoid sentencing disparities.

**AFFIRMED**.